## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Byron Bedell,<br>Plaintiff. | ) |
| | ) Case No: |
| | ) |
| | ) **JURY TRIAL DEMAND** |
| v. | ) |
| | ) |
| | ) Hon. |
| Overton, Russell, Doerr and Donovan | ) |
| LLP | ) |
| Defendant | ) |
| | ) |

JUL 27 2026 AM10:08
FILED - USDC G'VILLE SC

## CIVIL COMPLAINT

1. This is a civil action for damages brought by Byron Bedell against Defendant Overton, Russell, Doerr and Donovan, LLP (aka O.R.D.D. Law LLP.) for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from Defendant's attempts to collect an alleged consumer debt after Plaintiff refused to pay and from Defendant's misleading representations concerning the amount of the alleged debt.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The venue in this district is proper as Defendant transacts business in the District of South Carolina and Plaintiff resides in this District.

## PARTIES

3. Plaintiff, Byron Bedell is a natural person residing in the District of South Carolina and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a Limited Liability Partnership with its principal place of business at 19 HALFMOON EXECUTIVE PK DRIVE, CLIFTON PARK, NY, 12065

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6). Defendant's principal business purpose is the collection of consumer debts, and Defendant regularly collects or attempts to collect debts owed or due to another.

## **FACTUAL ASSERTIONS**

6. Defendant is a third-party collection agency based at 19 Halfmoon Executive Pk. Drive, Clifton, NY 12065 Defendant is not the original creditor of the alleged debt at issue.

7. The alleged debt emanates from a credit card account originally allegedly owed to BROADVIEW FCU,. and was incurred for personal and household purposes, not for any business or commercial use.

8. Defendant was attempting to collect the alleged debt on behalf of a third party and reported the account as a collection account on Plaintiff's consumer credit report, identifying itself as a third-party collector rather than the original creditor.

9. On or about May 14, 2025, the Defendant called Plaintiff attempting to collect an alleged debt in the amount of $34,834.98 **(See Exhibit A)**

10. On May 15, 2025, Plaintiff responded to the Defendant in writing via U.S. Postal mail, clearly stating that Plaintiff refused to pay all alleged debt in Plaintiff's name that Defendant may attempt to collect. **(See Exhibit B & C)**

11. Defendant did receive Plaintiff's written refusal to pay. However, despite receiving Plaintiff's refusal to pay, Defendant called again on June 11, 2026, attempting to collect an alleged debt. **(See Exhibit D & E)**

12. Defendant's conduct was not the result of a bona fide error. Plaintiff's written refusal to pay was sent to Defendant's designated and fully functional mailing address, which is regularly monitored and used by Defendant in the ordinary course of its business operations. Upon information and belief, Defendant received and had actual notice of Plaintiff's refusal to pay. Despite this notice, Defendant continued its collection efforts and communications regarding the alleged debt. Because Defendant had actual knowledge of Plaintiff's refusal to pay and nevertheless continued its collection activities,

Defendant's conduct was knowing and willful rather than the result of any clerical, accidental, or bona fide error.

13. Plaintiff expressly stated that he refused to pay any and all alleged debts and demanded that Defendant cease further collection communications. Therefore, whether Defendant's subsequent communication concerned the specific alleged debt referenced in Plaintiff's notice or any other alleged debt, Defendant was on notice that Plaintiff refused to pay and did not wish to receive further collection communications. As such, any post-notice attempt to collect an alleged debt from Plaintiff constituted a violation of the FDCPA.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. §1692c (c)

12. Plaintiff incorporates paragraphs as though fully stated here

13. On May 15, 2026, Plaintiff did send the Defendant a written communication clearly stating that Plaintiff refused to pay all alleged debt.

14. After receiving Plaintiff's written refusal to pay, Defendant did call again on Wednesday, July 16, 2026, and continued to communicate with Plaintiff regarding the alleged debt.

15. Defendant's continued communications were not for any other purpose permitted after a refusal to pay.

19. Plaintiff suffered actual, statutory and punitive damages, including but not limited to mental anguish, anxiety, emotional distress, agony, decreased ability to concentrate at work, time wasted addressing the improper conduct, and frustration, among other negative emotional and mental harm.

## COUNT II
## FDCPA VIOLATIONS 15 U.S.C. §1692e

20. Plaintiff incorporates paragraphs as though fully stated here.

21. Defendant's continued communication after Plaintiff prohibited contact constitutes harassment under §1692d.

22. Plaintiff suffered actual, statutory, and punitive damages, including but not limited to mental anguish, anxiety, emotional distress, agony, decreased ability to concentrate at work, time wasted addressing the improper conduct, and frustration, among other negative emotional and mental harm.

## COUNT III

### FDCPA VIOLATIONS OF 15 U.S.C. § 1692f

25. Avers that continuing to contact a consumer after a cease and desist is requested is unfair, abusive, and unlawful.

26. The Defendants' actions violate 1692f.

### JURY DEMAND AND PRAYER FOR RELIEF

 WHEREFORE, Plaintiff respectfully demands a jury trial and Prays that the Court enter judgment in favor of Plaintiff and against Defendant and award:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Actual damages;

C. Costs of this action; and

D. Such other relief as the Court deems just and proper.

Dated: 7/22/2026                         Respectfully Submitted

*Byron Bedell*

 ⁄Byron Bedell
 6 Box Tree Way
 Greenville, SC 29605
 839-317-7336
 email:byronbedell@gmail.com